# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 04-12360-WRS
                                               Chapter 13
CHARLES E. ROSS
DERRICK SHONK,

      Debtors

CHARLES E. ROSS,

      Plaintiff                      Adv. Pro. No. 05-1045-WRS

  v.

MITSUBISHI MOTORS CREDIT
OF AMERICA INC., CENTERONE
FINANCIAL SERVICES LLC.,
ASCENSION RECOVERY INC.,
DERRICK SHONK,

      Defendants

## MEMORANDUM DECISION

     This Adversary Proceeding is before the Court on cross motions for summary judgment.

On November 30, 2005, Defendant CenterOne Financial Services, LLC, filed a motion for

summary judgment.  (Docs. 38, 39, 40).  The Plaintiff has responded with a motion for summary

judgment of his own.  (Docs. 40-47). The motions are fully briefed.  For the reasons set forth

below, the motions are DENIED.


## I.  FACTS


     Plaintiff Charles Ross filed a petition in bankruptcy pursuant to Chapter 13 of the

Bankruptcy Code on October 18, 2004.  At the time the bankruptcy petition was filed, Ross

owned a 2003 Mitsubishi Galant, which was subject to a security interest in favor of Defendant CenterOne Financial.[1]  Ross filed a Chapter 13 Plan which proposed that he keep the automobile and pay its value, through the Chapter 13 Trustee, over the life of the Plan.  (Case No. 04-12360, Doc. 6).  Ross's Chapter 13 Plan was confirmed, without objection, by this Court's Order of January 12, 2005.  (Case No. 04-12360, Doc. 18).

It appears to be undisputed that on March 1, 2005, Ross's Mitsubishi Galant was repossessed.  On April 15, 2005, Defendant CenterOne Financial filed a motion for relief from the automatic stay, wherein it sought relief from the automatic stay to permit it to do that which it apparently did on March 1, 2005.  (Case No. 04-12360, Doc. 25).  The motion is particularly disingenuous in that it failed to disclose to the Court the fact that the vehicle had already been repossessed and sold.

The gist of this Adversary Proceeding is that the repossession of Ross's Mitsubishi Galant was done in violation of the automatic stay.  It would appear that a key fact to be determined by the Court is who repossessed the car.

CenterOne argues that it is undisputed that it had nothing to do with the repossession of the Mitsubishi Galant.  (Doc. 52).  On the other hand, Ross has submitted a copy of a letter dated April 4, 2005, addressed to him from CenterOne, which states that: "We have repossessed the vehicle described above."[2]  The letter goes on to state that "The vehicle described above will be sold at a **PRIVATE SALE** at any time after 10 days from the date of the notice shown above,

---

[1] See, "Motion for Relief From [Automatic] Stay" filed by CenterOne Financial.  (Case No. 04-12360, Doc. No. 25).

[2] The letter describes a 2003 Mitsubishi Galant.

2

unless redeemed by you prior to such sale." (emphasis in original).

## II.  LAW

Motions for summary judgment are governed by the provisions of Rule 56, Fed. R. Civ. P., as made applicable to bankruptcy proceedings by Rule 7056, Fed. R. Bankr. P.  Such motions may be granted if "there is no genuine issue as to any material fact."  As there is a genuine issue of fact as to whether CenterOne Financial repossessed the vehicle, the motions are DENIED.

The state of the evidence is, at this time, in something of a curious posture.  Defendant Mitsubishi Motors has filed an affidavit and admitted that it had the automobile repossessed but denied that the repossession was willful.  Given Mitsubishi's knowledge of the bankruptcy filing, it is not immediately apparent as to how its violation could have been anything other than willful. CenterOne Financial denies that it had anything to do with the repossession and seeks summary judgment in its favor.  CenterOne's claim of innocense is directly contradicted by correspondence on its own letterhead.  Given the considerable uncertainty here, the only viable course is to proceed to trial so that the facts may be established.

Done this 6th day of January, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge


c: David G. Poston, Attorney for Plaintiff
   Michael E. Bybee, Attorney for Mitsubishi
   Brian R. Walding, Attorney for CenterOne
   Von G. Memory, Attorney for  Ascension & Shonk
   Anthony N. Fox, Attorney for Ascension & Shonk

3